UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS, | No. 2:24-cv-1296 AC P |
| Plaintiff, | |
| v. | ORDER |
| MANDRIGAL, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1  governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  A
2  claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.
3  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
4  an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at
5  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
6  arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),
7  superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
8  2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the First Amended Complaint[2]

The FAC alleges that, while plaintiff was housed at California State Prison – Sacramento ("CSP-Sac"), defendants Mandrigal, Hamblin, and Roberds violated his constitutional rights. ECF No. 8.  Specifically, plaintiff alleges that he received a false rules violation report ("RVR") charging him with refusing housing.  Id. at 2.  At his RVR hearing, plaintiff asked to call a

---

[2] Before the court could screen the original complaint, plaintiff filed ECF No. 8, which has been docketed and will be referred to as the FAC.  Because an amended complaint supersedes a prior complaint, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012), the court will screen the FAC.

witness, Johnson, the inmate who was going to be assigned as his cellmate, and to review J. Harris's body camera footage from the incident. Id. Defendant Mandrigal refused both requests and told plaintiff no body camera footage had been submitted. Id. Defendant Mandrigal also claimed this was plaintiff's third occurrence, referring to an incident in 2019 and an incident in April. Id. Plaintiff alleges he was not found guilty of refusing housing in April 2024; he was found guilty of not obeying a direct order. Id. For the new RVR, defendant Mandrigal found plaintiff guilty of refusing housing. Id. As a result, plaintiff lost 90 days of good time credits and was put in Privilege Group C ("C Status") for 180 days, which meant he lost canteen, property, and phone call privileges for those 180 days. Id. at 2-3. Plaintiff claims the California Department of Corrections and Rehabilitation ("CDCR") does not have enhancements or strikes under its policy and that to designate plaintiff Privilege Group C, plaintiff was required to go before a classification committee that would make that decision. Id. at 3.

The FAC also alleges that defendant Roberds violated plaintiff's rights by writing a false disciplinary report in April, modifying his records, charging him with refusing housing, and not submitting audio/video surveillance of the incident. Id. at 4.[3] Defendant Hamblin violated his rights by denying plaintiff's request to review the audio/video surveillance and to call a witness inmate, Clark, to testify. Id. He also violated his rights when he found plaintiff guilty of refusing a direct order, when he was charged with refusing housing. Id. The guilty finding for refusing a direct order was done "secretly." Id. at 2, 4. According to plaintiff, he could not have refused an order to enter cell C3-126 because he never left the building. Id. at 4. Plaintiff alleges that because of this RVR, plaintiff has lost positive credits, which impact how the court views his rehabilitation and possibility of going home. Id.

Plaintiff also alleges that since he filed a grievance against the warden, staff have been bullying him. Id. at 3. By way of relief, plaintiff seeks $100,000 for all violations. Id. at 8.

////

---

[3] Plaintiff does not clearly indicate he is referring to the April RVR referenced earlier, but the court assumes he is because the description of the April 6 incident is nearly identical to the allegations regarding the Roberds' RVR and RVR hearing before defendant Hamblin. If this assumption is incorrect, plaintiff should inform the court as soon as possible.

III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a) and liberally construing the allegations of the FAC, the court finds that plaintiff has adequately stated Fourteenth Amendment claims against defendants Mandrigal and Hamblin for depriving plaintiff of good time credits without providing an opportunity to call witnesses.[4]

IV. Failure to State a Claim

The allegations in the complaint are not sufficient to state any claim for relief against defendant Roberds or any other claims against defendants Mandrigal and Hamblin.

A. Sixth Amendment

To the extent plaintiff is attempting to state a Sixth Amendment claim, he fails to state a claim for relief. The Sixth Amendment applies to criminal prosecutions, not to prison disciplinary proceedings. Disciplinary proceedings that result in the loss of good-time credits receive the procedural protections outlined in Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

B. Fourteenth Amendment Due Process

i. False Disciplinary

To the extent plaintiff attempts to state a due process violation against defendant Roberds for writing a false disciplinary report, he fails to do so.[5] Prisoners have no right to procedural safeguards against false RVRs.

ii. Loss of Privileges

To the extent plaintiff asserts defendants Mandrigal and Hamblin violated his due process rights by not affording him the procedures under Wolff, he fails to state a claim for relief based

---

[4] Because it is not clear from the face of the complaint whether the loss of good-time credits affected the length of plaintiff's sentence, the claim will be permitted to go forward at the screening stage. However, if success in this action will imply the invalidity of plaintiff's custody, then he will not be able to proceed unless he can show that the disciplinary finding has already been overturned. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 646-48 (1977) (applying Heck to disciplinary convictions that result in the loss of good-time credits).

[5] Although plaintiff alleges that the RVR reviewed by defendant Mandrigal was also false, he does not allege who wrote it. The court notes that regardless of who wrote it, a claim based on a false disciplinary alone fails for the same reasons it fails against defendant Roberds.

on the wrongful loss of privileges. Temporary loss of canteen, property, and phone call privileges does not impose an "atypical and significant" hardship beyond the ordinary incidents of prison life.

### iii. Classification

Plaintiff fails to state a claim against defendant Mandrigal based on Mandrigal's decision to reclassify plaintiff into Privilege Group C. Prisoners do not have a constitutional right to a particular classification, even if it results in the loss of privileges.

## C. Violation of Prison Regulation

To the extent plaintiff attempts to state a claim based on alleged violations of prison regulations, he fails to state a § 1983 claim. Violation of a prison regulation is not a violation of a *federal* right.

## D. First Amendment

It also appears plaintiff may be attempting to state a retaliation claim based on having filed a grievance against the non-defendant warden. However, plaintiff provides no factual allegations regarding when the grievance was filed in relation to when the defendants took the actions described. For defendants to have taken an adverse action *because* of plaintiff's protected conduct, the protected conduct must have occurred first. More importantly, plaintiff provides no factual allegations that defendants Mandrigal, Roberds, and/or Hamblin were even aware of his grievance against non-defendant warden or that they told him or indicated in some way that they wrote a false disciplinary report and/or found him guilty of a rules violation *because* he filed a grievance against nondefendant warden.

It appears to the court that plaintiff may be able to allege facts to fix some of these problems. Therefore, plaintiff has the option of filing an amended complaint.

## V. Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants**

5

**Mandrigal and Hamblin on the Fourteenth Amendment procedural due process claims based on depriving him of good time credits without an opportunity to call witnesses. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendant Roberds and all other claims against defendants Mandrigal and Hamblin. The court will proceed to immediately serve the complaint and order a response from defendants Mandrigal and Hamblin.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. At this early point in your case, you have sufficiently stated Fourteenth Amendment claims against defendants Mandrigal and Hamblin for taking away good time credits without providing you an opportunity to call witnesses. You have not stated any claims for relief against defendant Roberds, nor have you stated any other claims for relief against defendants Mandrigal and Hamblin.

You have a choice to make. You may either (1) proceed immediately on your Fourteenth Amendment due process claims based on defendants' Mandrigal's and Hamblin's refusal to let you call witnesses during your disciplinary proceedings and voluntarily dismiss the other claims; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

VII.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is GRANTED. Plaintiff's earlier requests to proceed in forma pauperis (ECF Nos. 2, 5) are denied as MOOT.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's First and Sixth Amendment claims, state law claim, and Fourteenth Amendment claims based on false disciplinary reports, loss of privileges, and classification fail to state a claim for which relief can be granted. Plaintiff fails to state any claims against defendant Roberds.

4. Plaintiff has the option to proceed immediately on his Fourteenth Amendment procedural due process claim against defendants Mandrigal and Hamblin as set forth in Section III above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendant Roberds, plaintiff's First Amendment claim, and plaintiff's Fourteenth Amendment claims based on false disciplinary reports, loss of privileges, and classification.

DATED: July 29, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MANDRIGAL, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-1296 AC P<br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Fourteenth Amendment procedural due process claims against defendants Mandrigal and Hamblin for failing to provide plaintiff with an opportunity to call witnesses during his disciplinary hearing without amending the complaint.  Plaintiff understands that by choosing this option, defendant Roberds, and plaintiff's First and Sixth Amendment claims, state law claims, and Fourteenth Amendment claims based on false disciplinary reports, loss of privileges, and classification will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　Maurice Daronte Davis
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Violation of State Regulations

"[T]he requirements for relief under [§] 1983 have been articulated as: (1) *a violation of rights protected by the Constitution or created by federal statute,* (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added). An officer's violation of state laws, regulations, and/or policy is not grounds for a § 1983 claim unless they also violate a federal constitutional or statutory right. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 930 (9th Cir. 2001) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for

1

violating *prison policy*. [Plaintiff] must prove that [the official] violated his constitutional right . . .") (emphasis added)); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) (federal and state law claims should not be conflated; "[t]o the extent that the violation of a state law amounts the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress").

### B. Fourteenth Amendment – Procedural Due Process

#### 1. Disciplinary

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974); id. at 576 (the reach of the Sixth Amendment is only to the criminal setting); Kirby v. Illinois, 406 U.S. 682, 689 (1972) (the Sixth Amendment's protections are limited to criminal proceedings). Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (citation and internal quotation marks omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

The Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." Wolff, 418 U.S. at 571 n.19. When a prisoner does not lose any good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing that the disciplinary "impose[d] atypical and significant

1 hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. O'Conner, 515
2 U.S. 472, 484 (1995). "Discipline by prison officials in response to a wide range of misconduct
3 falls within the expected perimeters of the sentence impose by a court of law." Id. at 484.

4     Prisoners do not have a liberty interest in being free from false accusations of misconduct.
5 See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural safeguards
6 protecting a prisoner from false retaliatory accusations"). Nor do they have a constitutional right
7 to canteen items. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996).

8     2.  Classification

9     It is well-established that prisoners have no constitutional right to a particular
10 classification, even if it results in loss of privileges. See Myron v. Terhune, 476 F.3d 716, 718
11 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level
12 III prison as opposed to level IV); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987)
13 (emphasizing that "'a prisoner has no constitutional right to a particular classification status'")
14 (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)); see also Sunkett v. Boerum, No. 1:17-
15 cv-1137 HBK (PC)2024 WL 4369900, at *4, 2024 U.S. Dist. LEXIS 178253, at *10-11 (E.D.
16 Cal. Sept. 30, 2024) ("It is well settled that prisoners have no constitutional right to a particular
17 classification status, even if the classification status results in a loss of privileges.").

18     C.  First Amendment Retaliation

19     To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action
20 against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill
21 an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate
22 correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

23     An adverse action is an act (or failure to act) by prison officials which causes harm, and
24 "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out."
25 Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original). To show
26 defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants
27 were motivated by his protected conduct. See Crawford-El v. Britton, 523 U.S. 574, 592 (1998)
28 (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct

was motivated by plaintiff's protected conduct). Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue. See Rhodes, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); Jones v. Williams, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute protected conduct); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance"). The alleged adverse action need not itself be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest" was violated); see also Waitson v. Carter, 668 F.3d 1108, 1115 (9th Cir. 2012) (false disciplinary constituted adverse action).