UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS, Plaintiff, v. MADRIGAL, et al.,[1] Defendants. | No. 2:24-cv-1296 AC P<br>ORDER |

Plaintiff, a state prisoner proceeding without counsel, filed this civil rights action. Pending before the court is plaintiff's motion to compel discovery. ECF No. 32. For the reasons stated below, the court will grant plaintiff's motion to compel in part.

I. Background

A. Nature of the Action and Factual Disputes

The case proceeds on a Fourteenth Amendment procedural due process claim against defendants Madrigal and Hamblin, who allegedly deprived plaintiff of good time credits without providing him an opportunity to call witnesses. ECF Nos. 11 at 4; 16 at 1.

B. Procedural Background

On March 10, 2026, plaintiff served defendants with (1) Request for Production of

[1] Defendants filings repeatedly indicate defendant Mandrigal's correct name is Madrigal. ECF Nos. 28, 30, 43, 35-3. As such, the clerk of the court will be directed to update the docket accordingly.

Documents, Set One; (2) Interrogatories to Defendant Madrigal, Set One; and (3) Interrogatories to Defendant Hamblin, Set One. ECF No. 34 at 8. On April 24, 2026, defendants served their responses to these requests. Id.

On May 28, 2026, a month after the deadline to serve discovery requests, see ECF No. 29 at 6, plaintiff served Defendants with a Request for Production of Documents, Set Two. Id. Defendants served their response on or around June 23, 2026. Id.

C. Motion to Compel

A month after the deadline to file a motion to compel, ECF No. 29 at 6, plaintiff filed this motion. ECF No. 32. As far as the court can discern, the motion seeks "full answers" to Interrogatory Nos. 4, 7, and 8 and the production of documents and body-worn camera footage related to Requests for Production (RFP) Nos. 1, 5, and 8. Compare ECF No. 32 at 1-2 with ECF Nos. 34 at 19-21, 36-38.[2] The motion also seeks, if appropriate, impose sanctions on defendants and any further relief deemed just and proper. ECF No. 32 at 2.

Defendants filed an opposition in which they argue the motion should be denied because (1) plaintiff fails to meet his burden to compel discovery, (2) defendants properly objected and responded as best they could, (3) body-worn camera footage requested does not exist, and (4) although defendants are not required to produce documents that are publicly available legal authority, they have provided the documents, which renders the last issue in the motion to compel moot. ECF No. 34 at 2-6.

Plaintiff did not file a reply.

////

---

[2] Plaintiff's motion refers to Interrogatory 21 as one in which he asked defendants to produce "Penal Codes" sections 3270.3(b), 3315(f), and 3212(b) of the "California Correction Rules Title 15." ECF No. 32 at 1. Plaintiff clarifies that these "Penal Codes" relate to "Body-worn camera footage w/Audio-Video – Surveillance[,] Disciplinary Actions[,] [and] Committee Appeals." ECF No. 32 at 2. It appears plaintiff is referring to his RFP No. 8 from his Request for Production, Set Two and to sections pertaining to Title 15 of the California Code of Regulations. See ECF No. 34 at 12 (Interrogatory No. 21, "Identify all CDCR policies governing accurate record keeping), 31 (RFP No. 8 seeks "Penal Codes 3270.3(b) & 3315(b) & 3313(b)); C.C.R., Tit. 15, § 3270.3 (Body-Worn Cameras), § 3315(f) (Serious Rule Violations), and § 3313 (Classification of Rules Violation Report and Notice of Pending Charges). Accordingly, the court will address RFP No. 8 instead of Interrogatory No. 21.

## II. Legal Standards

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

A party may propound interrogatories and request production of documents relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a), 34(a). A responding party, to the extent it is not objected to, must answer an interrogatory to "fully in writing under oath." Any objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(3)-(4).

Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

An evasive or incomplete response "must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). Such failure could result in number of different sanctions.

Fed. R. Civ. P. 37(c)(1) (listing sanctions and incorporating sanctions under Rule 37(b)92)(A)(i)-(vi)).

III. Discussion

A. Adequacy of Defendants Hamblin's Responses to Interrogatories

i. Hamblin Interrogatory No. 4

> **Interrogatory No. 4:** Explain how a not-guilty finding was not in conjunction with the guilty "Delaying Peace Officer" hearing though both was on the same case.
>
> **Response to Interrogatory No. 4**: Defendants object because this interrogatory is overbroad, vague, and ambiguous as to the applicable time period, and as to the terms "not in conjunction," "guilty 'Delaying Peace Officer' hearing," and "same case" such that Defendant cannot respond without guessing as to their meanings. Defendant further objects that this request assumed the truth of facts that are in dispute—that Defendant found Plaintiff not guilty—and thus is argumentative.
>
> Subject to and without waiving these objections, and assuming Plaintiff is asking for an explanation as to why Plaintiff was found guilty of Disobeying an Order, but not guilty of Refusing to Accept Housing – Delaying a Peace Officer at the May 5, 2023, disciplinary hearing for the RVR bearing log number 7289540, Defendant responds:
>
> Plaintiff was never found not guilty; Plaintiff was found guilty of the lesser included charge of Disobeying an Order instead of the charge of Refusing to Accept Housing – Delaying a Peace Officer, because I decided to be lenient on Plaintiff. Although Plaintiff and his potential cellmate did not both have lower bunk chronos when Plaintiff refused assigned housing, they both had lower bunk chronos when the hearing took place. Therefore, I relied on the preponderance of the evidence and found Plaintiff guilty of the lesser included charge and then reduced it to a counseling chrono, informing Plaintiff he needed to keep his chronos up to date.

Plaintiff argues that "Defendant respond evasively." ECF No. 32 at 1. In opposition, defendant Hamblin responds that (1) his response was not evasive, (2) he "properly objected for various reasons because the interrogatory is flawed," and (3) despite his objections, he "provided a paragraph response in which he explained that Plaintiff was never found not guilty, but rather Defendant Hamblin decided to be lenient on Plaintiff and lower Plaintiff's guilty finding to a counseling chrono." ECF No. 34 at 3- 4. The court agrees with defendant Hamblin.

Plaintiff's mere assertion that the response is evasive is not sufficient to carry plaintiff's

burden, which requires him to describe why the response is inadequate. Hardy v. Davis, No. 2:13-cv-0726 JAM DB, 2017 WL 445723, at *1 (E.D. Cal. Feb. 1, 2017) ("[T]he party moving to compel better responses must demonstrate how or why the responses are incomplete or evasive."); Williams v. Flint, No. CIV S-06-1238 FCD GGH, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007) ("It is not the court's duty to review the response of each defendant to each discovery request in order to determine whether a response is somehow inadequate. It is plaintiff's burden to describe hy a particular response is inadequate."). Moreover, a review of the response shows no indication of an incomplete or evasive answer. Defendant Hamblin provided a substantive response to the interrogatory based on his best understanding of it, despite his various objections. Plaintiff's motion to compel a further response to Interrogatory No. 4 will therefore be denied.

ii. Hamblin Interrogatories Nos. 7 and 8

> **Interrogatory No. 7:** Identify all chronos you relied upon regarding lower bank/tier status.
>
> **Response to Interrogatory No. 7**: Defendant objects because this is overbroad, vague, and ambiguous as to "chronos," "you relied upon," and "lower bank/tier status" such that Defendant cannot respond without guessing as to their meanings. Further, it is unintelligible to the point Defendant cannot reasonably deduce what Plaintiff is asking. Based on the foregoing, Defendant cannot respond.
>
> **Interrogatory No. 8:** Explain why permanent chronos from 2019 and 2022 were not acknowledged.
>
> **Response to Interrogatory No. 8**: Defendant objects because this interrogatory is overbroad, vague, and ambiguous as to the terms "permanent chronos" and "were not acknowledged," such that Defendant cannot respond without guessing as to their meanings. Further, it is unintelligible to the point Defendant cannot reasonably deduce what Plaintiff is asking. Based on the foregoing, Defendant cannot respond.

Plaintiff's motion seeks a full answer to Hamblin's Interrogatories numbers 7 and 8. ECF No. 32. Plaintiff appears to object to defendant Hamblin's objection that these interrogatories are "vague" and argues that he failed to respond. Id. Defendant Hamblin responds that the interrogatories as written are "unintelligible" because "there is no common understanding of what a 'lower bank/tier' is, or in what context chronos were "relied upon" or "not acknowledged," and

that based on the "unintelligible" interrogatories he was unable to answer. ECF No. 34 at 4-5.

Defendants' objections are not well taken. Although the interrogatory could be more specific about the timeframe in question, there is nothing broad, vague, or ambiguous about "chronos," "lower bunk/tier status," or "permanent chronos." The California Code of Regulations (CCRs) defines a "[g]eneral chrono" as

> a CDC Form 128-B (rev. 4-74 which is used to document information about incarcerated persons and incarcerated person behavior. Such information may include, but is not limited to documentation of enemies, record of disciplinary or classification matters, pay reduction or inability to satisfactorily perform a job, refusal to comply with grooming standards, removal form a program, records of parole or social service matters.

CCRs Title 15, § 3000. The California Department of Corrections and Rehabilitation's (CDCR's) Operations Manual also describes the different types of chronos and states, "CDC Form 128 series (chronos) are used by staff to provide progress reports on incarcerated persons" and all except CDC Forms 128-G and 128-E, "shall be mounted on CDC Form 198, C-File Chrono Sheet-General." CDCR, *Department Operations Manual (DOM), Chapter 7, Article 3 §§ 72010.6, 72010.7, 72010.7.1-5, 72010.13.2*, available at https://www.cdcr.ca.gov/regulations/cdcr-regulations/dom-toc/ (updated through December 31, 2025) (types of chronos include Custodial Counseling, General, Medical, Education Progress, Classification, Education-College, Group Test Results, Document Receipt, Loss of Credit Notification, Notice of Work Credits, and Requested Notice of Escape or Transfer of Custody). Plaintiff has also narrowed the scope of the chronos at issue to those relating to "lower bunk-tier status" not "lower bank/tier status." Defendants Hamblin's misreading of the request is not reasonable. Defendants' own records show they were aware of plaintiff's "lower-tier/lower bunk" medical chrono when they attempted to rehouse him in April 2023. See ECF Nos. 35-1 at 2 (Hamblin's Declaration In Support of Summary Judgment); 35-2 at 42 (CDC 128-B, general chrono referring the plaintiff's new "lower tier/lower bunk" medical chrono). The CCRs define a permanent versus temporary medical classification chrono. CCRs Title 15, § 3999.320(c)-(d).

The only arguably ambiguous terms here are "you relied upon" and "acknowledged."

However, considering the context— interrogatories directed to defendant Hamblin in a case about a specific disciplinary hearing—the language "you relied upon" or "acknowledged" is not overbroad, vague, or ambiguous. Interrogatory No. 7 seeks any chrono regarding lower bunk/tier status which *defendant Hamlin considered in making his decision with respect to plaintiff's May 5, 2023, disciplinary hearing*. Plaintiff's Interrogatory No. 8 seeks an explanation why permanent chronos from 2019 and 2022 were not considered or taken notice of at his disciplinary hearing on May 5, 2023.

Accordingly, plaintiff's motion to compel further responses to Interrogatories numbers 7 and 8 is granted. In response to Interrogatory No. 7, defendant Hamblin shall identify all chronos regarding plaintiff's lower bunk/tier classification that he considered as part of plaintiff's May 5, 2023, disciplinary hearing. Regarding Interrogatory No. 8, defendant Hamblin shall explain whether he considered or took notice of plaintiff's permanent chronos from 2019 and 2022 as part of plaintiff's disciplinary hearing on May 5, 2023.

B. <u>Adequacy of Defendants' Responses to Requests for Production (RFP)</u>

i. <u>RFP Nos. 1 and 5</u>

> **RFP No. 1:** Video/Audio Body worn worn [sic] camera footage by D. Roberds from 2:30pm-7pm. On the date of April 6, 2023.
>
> **Response to RFP No. 1:** Defendants' object on the grounds that this request is vague and ambiguous as to the term "Video / Audio Body worn worn camera footage by D. Roberds," such that Defendants cannot respond without guessing as to its meaning. Subject to and without waiving any objections, and assuming Plaintiff is requesting video footage captured by the body-worn camera that Correctional Officer Roberds was wearing on April 6, 2023, from 2:30 p.m. to 7:00 p.m., Defendants respond:
>
> After a reasonable search and diligent inquiry, no responsive video exists.
>
> **RFP No. 5:** Video/Audio Bodyworn camera by J. Harris on October 27 2023.
>
> **Response to RFP No.** 5: Defendants' object on the grounds that this request is vague and ambiguous as to the term "Video / Audio Bodyworn camera by J. Harris," such that Defendants cannot respond to this request without guessing as to their meaning. Defendants further object that this request is not proportional to the needs of this case and, thus, it is unduly burdensome. Subject to and without waiving any objections, and assuming Plaintiff is requesting

> video footage captured by the bodyworn camera that Correctional Officer Harris was wearing on October 27, 2023, Defendants respond:
>
> After a reasonable search and diligent inquiry, no responsive video exists.

Plaintiff's motion to compel seeks "body worn camera footage from April 6, 2023 and October 27, 2023" that "Defendants claimed" does not exist. ECF No. 32 at 1. In opposition, defendant Hamblin responds that the court should deny plaintiff's motion to compel further responses to these RFPs because the footage requested does not exist, defendants have responded by stating as much, and plaintiff has not provided any evidence to the contrary. ECF No. 34 at 5. The court agrees with defendant.

The court cannot compel defendant to produce video footage that he has declared does not exist. See e.g., Harris v. Arden, No. 1:21-cv-0818 KES CDB, 2026 WL 2995460, at *10 (E.D. Cal. Aug. 10, 2026) (denying motion to compel response where defendants responded no responsive documents exist and that no staff was disciplined); Tate v. Nakashyan, No. 1:22-cv-00624-SKO, 2025 WL 3467732, at *5 (E.D. Cal. Dec. 3, 2025) (denying motion to compel response where defendant "have indicated that no responsive documents involve Nakashyan"); Hoffman v. Jones, No. 2:15-cv1748-EFB P, 2017 WL 5900086, at *12 (E.D. Cal. Nov. 30, 2017) ("Defendant states that no log exists, and the court cannot compel the production of material that does not exist . . . the court accepts defendant's contention that no log exists"). "Plaintiff's dissatisfaction with the response does not equate to an insufficient response." Jacobs v. Quinones, No. 1:10-cv-02349-AWI-JLT (PC), WL 3717542, at *6 (E.D. Cal. June 12, 2015). "Absent evidence to the contrary, not present here, Plaintiff is required to accept defendant's representation that such documentation either does not exist or cannot be located." Estrada v. Macis, Case No. 1:15-cv-01292-AWI-SAB, 2017 WL 4151187, at *3 (E.D. Cal. Sept. 19, 2017).

Because plaintiff presents no evidence that the footage requested does in fact exist, he must accept defendants' representation that no such footage exists. The motion to compel further responses to these production requests is denied.

////

ii. RFP No. 8

> **RFP No. 8**: Penal Code 3270.3(b) & 3315(f) & 3312(b).
>
> **Response to RFP No. 8**: Defendants object on the grounds that this request is vague, ambiguous, and overbroad as to the terms "Penal Codes 3270.3(b) & 3315(f) & 3312(b)." Further, this request appears to request publicly available legal authority, rather than documents within the custody or control of Defendants. And the Penal Code is equally available to Plaintiff. Based on the foregoing, no response will be provided.

Plaintiff seeks a response to his request for "Penal Codes" sections 3270.3(b), 3315(f), and 3212(b) of the "California Correction Rules Title 15." ECF No. 32 at 1. As noted above, plaintiff appears to seek copies of section 3270.3(b), 3315(f), and 3212(b) of Title 15 of the CCRs.

In opposition, defendant Hamblin reiterates his objections, maintains that position, but nonetheless, in the interest of judicial economy, has served plaintiff with a copy of the requested regulation. Accordingly, the court denies this request as moot.

C. Sanctions

The court declines to grant sanctions at this time because plaintiff has not established that any of the sanctions under Rule 37(c)(1) of the Federal Rule of Civil Procedure are warranted.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel further responses to interrogatories and requests for production (ECF No. 32) is GRANTED IN PART as follows:

   a. Defendant Hamblin shall provide further responses to Interrogatories Nos. 7 and 8.

   b. In further response to Interrogatory No. 7, defendant Hamblin shall identify all chronos regarding plaintiff's lower bunk/tier classification that he considered as part of plaintiff's May 5, 2023, disciplinary hearing.

   c. In further response to Interrogatory No. 8, defendant Hamblin shall explain whether he considered or took notice of plaintiff's permanent chronos from

2019 and 2022 as part of plaintiff's disciplinary hearing on May 5, 2023.

2. The motion is OTHERWISE DENIED.

3. Plaintiff's request for sanctions is DENIED.

4. The Clerk of the Court is directed to update the docket to reflect the correct spelling of defendant Madrigal's name.

DATED: November 5, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE